UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DELTA MIKE OF KANSAS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:06CV140 RWS |
| ) | |
| SYLVAN LEARNING, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before me on Sylvan's motion to transfer this action to the United States District Court for the District of Maryland, Northern Division. Because Delta Mike agreed to bring this action only in that forum, the motion to transfer will be granted.

## Background Facts

Delta Mike and Sylvan entered into five (5) licensing agreements granting Delta Mike a franchise to own several Sylvan Learning Centers in Missouri and Ohio. Delta Mike originally brought this complaint in state court alleging that Sylvan tortiously interfered with its contract to sell the learning centers to Can Do International, L.L.C. by refusing to approve the sale. Sylvan's consent to the sale is required by the licensing agreements.

Sylvan timely removed this action and now seeks to transfer this case to

Maryland pursuant to the licensing agreement's "Jurisdiction and Venue" clause, which states:

> In the event either party initiates any litigation or lawsuit under this Agreement, **or relating in any way to the relationship of the parties as franchisor and franchisee**, that party agrees that venue properly lies in the courts of the state where the other party then has its principal place of business (presenting Baltimore City, Maryland in the case where Sylvan is the defendant) or the territory is located (in the case where licensee is defendant), **and will file such litigation or lawsuit only in such court.**

(emphasis supplied). Sylvan contends that transfer is warranted under 28 U.S.C. § 1404(a).

## Discussion

Sylvan moves to transfer this action to the District of Maryland, Northern Division under 28 U.S.C. § 1404(a). That section permits the Court in the interests of justice to transfer a civil action to another district where it might have been brought for the convenience of the parties and witnesses. 28 U.S.C. § 1404(a). Although the statute enumerates three categories to consider when making this determination (i.e., the convenience of the parties, the convenience of the witnesses and the interests of justice), "a motion to transfer . . . calls on the district court to weigh in the balance a number of case-specific factors." Terra International, Inc. v. Mississippi Chemical Corp., 119 F.3d 688, 691 (8th Cir. 1997) (quoting Stewart

Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988)).

"[A] valid and applicable forum selection clause in a contract is a significant factor that figures centrally in the district court's calculus." Id. The United States Supreme Court has held that forum selection clauses are prima facie valid and are enforced unless they are unjust or unreasonable or invalid for reasons such as fraud or overreaching. M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972). "Since it may be assumed that parties consider the inconvenience of the forum at the time they enter a contract, it is incumbent on the party seeking to escape his contract to show that [proceeding] in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." Dominium Austin Partners, L.L.C. v. Emerson, 248 F.3d 720, 727 (8th Cir. 2001).

### 1. The Forum Selection Clause Applies to Delta Mike's Claims

The first issue I must decide is whether the forum selection clause in the licensing agreements applies to Delta Mike's claims. Delta Mike argues that it does not apply here because it brought a tort claim rather than a contract claim. This argument is meritless because it ignores the plain language of the agreement, which requires any suit "relating in any way to the relationship of the parties as franchisor and franchisee" to be filed against Sylvan in Maryland. Sylvan exercised its right as franchisor under the terms of the licensing agreement to refuse to consent to the sale

of the franchised learning centers to Can Do. It is difficult for the Court to imagine a case that is more "related . . . to the relationship of the parties as franchisor and franchisee" than this one. The forum selection clause applies.

Delta Mike next argues that the forum selection clause is merely permissive, not mandatory. Once again, this argument lacks merit because it ignores the plain language of the licensing agreement, which requires that any actions filed against Sylvan be brought **only** in Baltimore City, Maryland, which is located in the Northern Division of the District of Maryland. "Only" is mandatory, not permissive. The forum selection clause applies and requires Delta Mike to bring this action only in Maryland.

### 2. The Forum Selection Clause is Enforceable

Delta Mike also complains that the licensing agreements are contracts of adhesion so the forum selection clause should not be enforced. Fraud will result in unenforceability of the forum selection clause only "if the inclusion of that clause in the contract was the product of fraud or coercion." Marano Enterprises of Kansas v. Z-Teca Restaurants, L.P., 254 F.3d 753, 757 (8th Cir. 2001) (internal quotation marks omitted). Delta Mike's sole assertion in support of this argument -- that the contract was not "negotiated" -- falls woefully short of meeting the heavy burden of demonstrating that the forum selection clause is "unreasonable and unjust." See

Bremen, 407 U.S. at 15. This assertion also contradicts the licensing agreements, which recite that both parties were given the opportunity to consult with their "own attorneys, accountants and other advisors." Moreover, the forum selection clause is not one-sided in favor of Sylvan because it requires Sylvan to sue Delta Mike in the territory where the franchise is located, not in Maryland. Because Delta Mike has presented no evidence that the forum selection clause was procured by fraud or that its enforcement is any way unjust, it will be given its full effect.

Finally, Delta Mike argues that it would be inconvenient for it to litigate in Maryland. This, however, "is an insufficient basis to defeat an otherwise enforceable forum selection clause." M.B. Restaurants, Inc. v. CKE Restaurants, Inc., 183 F.3d 750, 753 (8th Cir. 1999).

### 3. The § 1404(a) Factors

Although "a valid and applicable forum selection clause in a contract is a significant factor that figures centrally in the district court's calculus," Terra International, 119 F.3d at 691 (internal quotation marks omitted), I must still consider the statutory factors under § 1404(a) in deciding whether to transfer this case to Maryland. The balance of these factors tips in favor of transfer.

#### a. The Convenience of the Parties

Because the parties entered into a valid forum selection clause, I find that the

convenience of the parties weighs heavily in favor of enforcing their contract and transferring the case to their chosen forum -- in this case, Maryland.

b. The Convenience of the Witnesses

Of far more importance to this analysis than the convenience of the parties however, is the convenience of the witnesses, especially non-party witnesses. May Department Stores Co. v. Wilansky, 900 F. Supp. 1154, 1165 (E.D. Mo. 1995). When analyzing this factor, I must consider the court's ability to subpoena non-party or unwilling witnesses to testify and produce documents. Fibra-Steel, Inc. v. Astoria Industries, Inc., 708 F. Supp. 255, 257 (E.D. Mo. 1989). Sheer numbers alone do not accurately reflect the full extent of the witness convenience factor. Houk v. Kimberly-Clark Corp., 613 F. Supp. 923, 928 (W.D. Mo. 1985). The Court must also consider the nature and quality of the testimony. Id.

Delta Mike points to several non-party witnesses who do not reside in Maryland in support of its position that this case should not be transferred. These witnesses, however, are other franchisees of Sylvan and do not appear to be material to the primary issue in this case — namely, whether Sylvan tortiously interfered with Delta Mike's contract to sell the learning centers to Can Do International. Instead, the testimony relevant to this issue will be offered by the parties themselves, or former employees. There has been no showing that any former employees of Sylvan

or Delta Mike would be unwilling to testify in Maryland, or that their testimony could not be compelled in Maryland if they were not willing to do so.

The only non-party witness named by Delta Mike with potentially relevant testimony is Brian Jones, the head of Can Do International, who resides in Missouri. Once again, however, there is no showing that Jones (whose company attempted to purchase the learning centers at issue in this case) would be unwilling to appear for trial in Maryland. Even if he were unwilling to appear for trial, however, Delta Mike would still be able to present his deposition testimony at trial. Under these circumstances, it cannot be said that Delta Mike's inability to subpoena Jones to testify in Maryland weighs against transferring this case, especially when weighed against the forum selection clause. I find that this factor does not weigh in favor of either party.

    c.  <u>The Interests of Justice</u>

I find that the interests of justice weigh slightly in favor of enforcing the parties' forum selection clause and transferring this case to Maryland. Judicial economy does not militate in favor of granting or denying transfer because the case is newly-filed. Both parties have offered various additional arguments either in favor of granting or denying transfer under the interests of justice category. I have reviewed the parties' arguments and do not find them to weigh heavily in favor of one party or

the other.

The balance of the statutory factors tips in favor of transferring this action to Maryland.

**4.    The Case will be Transferred**

Delta Mike agreed to bring this action only in Maryland.  When the parties' applicable, valid forum selection clause is considered in conjunction with the § 1404(a) factors, it is clear that this case should be transferred to the United States District Court for the District of Maryland, Northern Division.  Accordingly, the motion to transfer will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to transfer [#5] is granted, and this case is transferred to the United States District Court for the District of Maryland, Northern Division.

                                        RODNEY W. SIPPEL
                                        UNITED STATES DISTRICT JUDGE

Dated this <u>4th</u> day of April, 2006.